UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN TEAGUE,<br><br>Plaintiff,<br><br>v.<br><br>BIOTELEMETRY, INC., et al.,<br><br>Defendants. | Case No. 16-cv-06527-TSH<br><br>**CASE MANAGEMENT ORDER, DISCOVERY ORDER** |

Pursuant to Federal Rule of Civil Procedure 16, the Court issues the following Case Management Order. Failure to comply with this Order is cause for sanctions under Rule 16(f). All questions should be directed to Rose Maher, Courtroom Deputy, at (415) 522-4708.

| **SUMMARY OF CASE MANAGEMENT DEADLINES** | |
|---|---|
| Close of Second Phase of Fact Discovery | 2/28/2019 |
| Exchange of Pretrial Disclosures | 3/7/2019 |
| Deadline to File Pretrial Statement, Motions in Limine, and Related Documents | 3/14/2019 |
| Deadline to File Oppositions to Motions in Limine | 3/28/2019 |
| Pretrial Conference | 4/11/2019 |
| Final Pretrial Conference | 4/25/2019 |
| Jury Trial (Duration: 4 days) | 5/6/2019 |

**PRETRIAL INSTRUCTIONS**

**A.** **Discovery**: On February 3, 2017 the Court bifurcated discovery as to Plaintiff's alter ego theory. ECF No. 23 at 2. The Court noted in its order that if Plaintiff established a triable issue of fact as to alter ego liability, then general discovery into BioTelemetry, Inc., and VirtualScopics, Inc. would be permitted. Since that triggering event has now occurred in the Court's summary judgment order, ECF No. 68, the Court hereby opens discovery on BioTelemetry, Inc. and VirtualScopics, Inc. The parties are to conclude the second phase of fact discovery by February

28, 2019. The parties shall abide by the Court's Discovery Standing Order, available at http://cand.uscourts.gov/tshorders.

**B.     Exchange and Filing of Pretrial Disclosures**: By March 7, 2019, lead counsel who will try the case shall meet and confer with respect to the preparation and content of the joint pretrial conference statement and shall exchange the papers described in Rule 26(a)(3). These papers must be filed with the Court by March 7, 2019.

**C.     Joint Pretrial Conference Statement**: By March 14, 2019, the parties shall file a joint pretrial conference statement with the following information:

>    (1) Substance of the Action: A brief description of the substance of claims and defenses which remain to be decided.
>
>    (2) Relief Prayed: A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of damages.
>
>    (3) Undisputed Facts: A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.
>
>    (4) Disputed Factual Issues: A plain and concise statement of all disputed factual issues which remain to be decided.
>
>    (5) Disputed Legal Issues: Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions.
>
>    (6) Agreed Statement: A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.
>
>    (7) Stipulations: A statement of stipulations requested or proposed for pretrial or trial purposes.
>
>    (8) Amendments or Dismissals: A statement of requested or proposed amendments to pleadings or dismissals of parties, claims, or defenses.
>
>    (9) Estimated Time of Trial: An estimate of the number of hours needed for the presentation of each party's case.
>
>    (10) Bifurcation or Separate Trial of Issues: A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.
>
>    (11) Settlement: A statement summarizing the status of the parties' settlement negotiations and indicating whether further negotiations

are likely to be productive.

**D. <u>Witness list</u>**: A witness list shall be provided as an appendix to the joint pretrial conference statement. The following information should be included. For each party, a list of all witnesses to be called for trial, including those appearing by deposition. For each witness, a statement of the substance of his or her testimony and an estimate regarding the length of testimony (including direct and cross-examination).

If the witness is an expert witness, the statement should briefly state the expert's theories and conclusions and the bases therefor, which shall also specify to which disputed factual or legal issues the testimony relates, and an estimate of the time required for direct and cross examination. In addition, the expert's curriculum vitae and report (if any) should be attached. If there are objections to a live witness's testimony, whether in whole or in part, that objection should be raised through a motion in limine.

No party shall be permitted to offer any witness that is not disclosed in its witness list, except with leave of the Court for good cause shown.

**E. <u>Exhibit list</u>**: A joint list of all exhibits to be offered at trial shall be provided as an appendix to the joint pretrial conference statement. Plaintiff(s) shall mark the exhibits numerically; Defendant(s) shall mark the exhibits alphabetically. The list shall state each proposed exhibit by its number or alphabetical letter, description and sponsoring witness. All documents shall be authenticated prior to trial. The list shall include a joint exhibit list in tabular form, with (a) a column that briefly describes the exhibit; (b) a column that describes for what purpose the party will offer the exhibit and identifies its sponsoring witness; (c) a column that states any objections to the exhibit; (d) a column that briefly responds to the objections; and (e) a blank column for the Court's use. Before this list is filed, the parties shall meet and confer, in person, to consider eliminating duplicate exhibits, and to make a good faith effort to stipulate to admissibility. No party shall be permitted to offer any exhibit that is not disclosed in its exhibit list.

**F. <u>Use of Discovery Responses</u>**: Excerpts of interrogatory responses, responses to requests for admission, and deposition testimony (with specific line references identified) that each party

intends to present at trial shall be included as an appendix to the joint pretrial conference statement. If there are objections to the use of written responses, the parties should include a joint memorandum that briefly states the objecting party's objection and the opposing party's response. If there is an objection to the general subject matter of a deponent's testimony, the objection should be made through a motion in limine. The Court expects the parties to meet and confer in good faith in an attempt to resolve specific objections before any statements are filed.

**G.** **Motions in limine**: The parties are directed to meet and confer in person to resolve any evidentiary disputes prior to filing motions in limine. Any motions in limine shall be filed by March 14, 2019, with oppositions due by March 28, 2019. For motions in limine that seek to exclude or limit expert testimony, each side may file one motion per expert. All other motions in limine shall be presented in a single brief per side. Reply briefs are not permitted.

**H.** **Trial Briefs**: Each party shall file a trial brief, not to exceed 25 pages absent Court order, by March 14, 2019. The trial briefs shall: (1) summarize the party's theory of the case; (2) identify key evidence; and (3) provide the applicable legal standard, pursuant to Ninth Circuit authority, for all controlling issues of law, including foreseeable procedural and evidentiary issues.

**I.** **Voir Dire**: In a jury trial, the parties shall file a <u>joint</u> set of requested voir dire to be posed by the Court, as well as any separate questions upon which counsel cannot agree, by March 14, 2019. These shall also be emailed to tshpo@cand.uscourts.gov in Microsoft Word format. Any question on which the parties cannot agree shall be marked as "disputed" and included within the joint set. Counsel will be allowed brief follow-up voir dire after the Court's questioning.

**J.** **Jury Instructions**: In a jury trial, the parties shall file a <u>joint</u> set of proposed jury instructions by March 14, 2019. These shall also be emailed to tshpo@cand.uscourts.gov in Microsoft Word format. Jury instructions should conform to the Manual of Model Civil Jury Instructions for the Ninth Circuit. The instructions shall be ordered in a logical sequence, together with a table of contents. Any instruction on which the parties cannot agree shall be marked as "disputed" and included within the jointly submitted instructions, in the place where the party proposing the instruction believes it should be given. Argument for and against each disputed instruction shall be included on a separate page directly following the disputed instruction. At the

close of Defendant's case in chief the Court shall hear oral argument on the disputed jury instructions and will then render its rulings.

**K.     Proposed Verdict Forms**: In a jury trial, the parties shall file a joint proposed verdict form by March 14, 2019.  If the parties are unable to stipulate to a verdict form, then each party or side shall submit a proposed verdict form.  These shall also be emailed to tshpo@cand.uscourts.gov in Microsoft Word format.

**L.     Proposed Findings of Fact and Conclusions of Law**: In a bench trial, each party shall file proposed findings of fact and conclusions of law by March 14, 2019.  These shall also be emailed to tshpo@cand.uscourts.gov in Microsoft Word format.

**M.     Pretrial Conferences**: The Court shall hold an initial pretrial conference on April 11, 2019 at 10:00 a.m., in Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.  Lead counsel who will try the case must attend the pretrial conference.  The purpose of the pretrial conference is for the Court to rule on any issues raised in the pretrial conference statement, motions in limine, and to discuss the trial of the case.  The Court shall hold a final pretrial conference on April 25, 2019 at 10:00 a.m. in Courtroom A, to address any outstanding trial issues.

**N.     Trial**: The Court shall conduct a jury trial in this matter.  The trial shall commence on May 06, 2019 (Trial schedule: Monday through Friday, 9:30 a.m. to 3:30 p.m.), and last 4 days.  In a jury trial, jury selection begins at 9:30 a.m. on the first day of trial.

For any documents that will be shown to a witness but not admitted into evidence, counsel shall bring the original plus three copies of the documents.  The original document will be handed to the Court during testimony and the copies will be given to the witness and opposing counsel during examination.

The parties shall maintain their own exhibits during trial.  Plaintiff(s) shall mark the exhibits numerically; Defendant(s) shall mark the exhibits alphabetically.  Exhibits must be premarked with tags attached to the upper right-hand corner.  Sample tags may be obtained from the Courtroom Deputy and are attached hereto.  If a photo or chart is being used as an exhibit, the exhibit tag should be placed on the back side of the exhibit.  The Court will only admit pre-marked

exhibits which were listed on the earlier filed exhibit list. On the day of trial, counsel shall bring the original pre-marked exhibits plus two copies, one for opposing counsel and one (in binders with appropriate label dividers) for the Court. The exhibit binders are to be given to the Courtroom Deputy on the morning of the trial.

**O.    Transcripts and Courtroom Technology**:

1)    Any party requesting a daily transcript and/or real time reporting shall contact Debra Campbell, Supervisor Court Reporting Services, at (415) 522-2079, at least 14 days in advance of the trial date.

2)    All parties are instructed to review the information regarding the use of courtroom technology and electronic evidence presentation, which is provided on the Court's web site at http://cand.uscourts.gov/courtroomtech, and to prepare accordingly. Questions and/or requests to pre-test equipment should be sent to the courtroom deputy.

If any party will utilize their own video recording equipment or demonstrative devices, a signed order will need to be obtained at least 14 days in advance of the trial or hearing date for the items to clear security.

**IT IS SO ORDERED.**

Dated: November 29, 2018

                                                                                                    _____
                                                                                                    THOMAS S. HIXSON
                                                                                                    United States Magistrate Judge

| Plaintiff's Exhibit Markers | Defendant's Exhibit Markers |
|---|---|
| **United States District Court** <br> Northern District of California <br> Case No. ___ <br> Case Title ___ <br> Exhibit No. ___ <br> Date Entered ___ <br> Susan Y. Soong, Clerk <br> By: ___, Deputy Clerk | **United States District Court** <br> Northern District of California <br> Case No. ___ <br> Case Title ___ <br> Exhibit No. ___ <br> Date Entered ___ <br> Susan Y. Soong, Clerk <br> By: ___, Deputy Clerk |
| United States District Court <br> Northern District of California <br> Case No. ___ <br> Case Title ___ <br> Exhibit No. ___ <br> Date Entered ___ <br> Susan Y. Soong, Clerk <br> By: ___, Deputy Clerk | United States District Court <br> Northern District of California <br> Case No. ___ <br> Case Title ___ <br> Exhibit No. ___ <br> Date Entered ___ <br> Susan Y. Soong, Clerk <br> By: ___, Deputy Clerk |
| United States District Court <br> Northern District of California <br> Case No. ___ <br> Case Title ___ <br> Exhibit No. ___ <br> Date Entered ___ <br> Susan Y. Soong, Clerk <br> By: ___, Deputy Clerk | United States District Court <br> Northern District of California <br> Case No. ___ <br> Case Title ___ <br> Exhibit No. ___ <br> Date Entered ___ <br> Susan Y. Soong, Clerk <br> By: ___, Deputy Clerk |
| United States District Court <br> Northern District of California <br> Case No. ___ <br> Case Title ___ <br> Exhibit No. ___ <br> Date Entered ___ <br> Susan Y. Soong, Clerk <br> By: ___, Deputy Clerk | United States District Court <br> Northern District of California <br> Case No. ___ <br> Case Title ___ <br> Exhibit No. ___ <br> Date Entered ___ <br> Susan Y Soong, Clerk <br> By: ___, Deputy Clerk |