UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN TEAGUE, Plaintiff, v. BIOTELEMETRY, INC., et al., Defendants. | Case No. 16-cv-06527-TSH **ORDER RE: MOTION FOR RECONSIDERATION** Re: Dkt. No. 78 |

In 2016, Christian Teague sued BioTelemetry, Inc., VirtualScopics, Inc., and CardioCore Lab, LLC ("Defendants") alleging they denied him commissions he was entitled to, his termination was pretextual, and for that matter, that Defendants lied to him when they first hired him about how the commissions would work. Defendants subsequently filed a motion for summary judgment on all of Teague's claims. On October 25, 2018 the Court issued an order granting the motion in part and denying it in part, allowing three of Teague's claims to proceed: 1) intentional interference with contractual relations ("IICR"), 2) breach of the implied covenant of good faith and fair dealing, and 3) declaratory relief. ECF No. 68. Defendants now seek leave to file a motion for reconsideration as to Teague's IICR claim on the basis that the Court purportedly failed to consider their argument that Teague cannot prove any damages. ECF No. 78.

Specifically, as to Teague's fourth claim for IICR, Defendants argue he cannot establish any damages "because his right to commissions ended when he was terminated and no Defendant booked any revenue during his employment." ECF No. 78 at 5. Defendants attempt to demonstrate an internal inconsistency in the Court's order by highlighting that the Court granted summary judgment on the breach of contract claim because "no revenue was booked on new imaging contracts during Teague's term of employment," and Defendants then argue no damages

could be proven under IICR either. *Id.* at 4; MSJ Order at 13.

That does not follow. Teague's IICR claim is that "Biotelemetry funneled all of its imaging contracts through VirtualScopics, frustrating performance of the commissions clause in the employment agreement." MSJ Order at 17-18. True, that by itself could not give rise to damages because "none of the Defendants received revenue from a new imaging contract of the type that would generate commissions for Teague *before his termination*." *Id*. at 3 (emphasis added). But Teague's implied covenant claim, which also survived summary judgment, includes the allegation "that CardioCore fired Teague to deny him a commission." *Id*. at 21. If Teague loses his implied covenant challenge to his termination, then he will not have damages under his IICR claim. But if he proves that his termination violated the implied covenant, then it will be no response to say, as Defendants do, that none of the Defendants booked relevant revenue by the time of his termination because Teague will have proven he should not have been terminated. In that event, if he can also prove that Biotelemetry improperly funneled its imaging contracts through VirtualScopics, Teague's IICR damages will be the commissions he should have been paid for revenue that was booked after the termination that shouldn't have happened.

Accordingly, the Court **DENIES** the Defendants' request for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: December 19, 2018

THOMAS S. HIXSON
United States Magistrate Judge