UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN TEAGUE,<br>　　　　Plaintiff,<br>　　v.<br>BIOTELEMETRY, INC., et al.,<br>　　　　Defendants. | Case No. 16-cv-06527-TSH<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES** |

## I. INTRODUCTION

In 2016, Christian Teague sued BioTelemetry, Inc., VirtualScopics, Inc., and CardioCore Lab, LLC ("Defendants") alleging they denied him commissions he was entitled to, his termination was pretextual, and for that matter, that Defendants lied to him when they first hired him about how the commissions would work. Subsequently, Defendants filed for summary judgment and prevailed on all their claims with the exception of the breach of implied covenant of good faith and fair dealing, intentional interference with contractual relations, and declaratory relief claims. On December 4, 2018 Defendants filed a Motion for Attorney's Fees seeking $245,219, arguing that because they prevailed on 75% of Teague's substantive claims they should receive 75% of their fees incurred through September 2018. For the reasons stated below, Defendants' motion is **DENIED.**

## II. BACKGROUND

On July 3, 2018 Defendants filed a motion for summary judgment on all of Teague's claims. On October 25, 2018 the Court issued an order granting the motion in part and denying it in part, allowing three of Teague's claims to proceed: 1) intentional interference with contractual relations, 2) breach of the implied covenant of good faith and fair dealing, and 3) declaratory

relief. ECF No. 68. Defendants seek to recover attorneys' fees pursuant to the following provision contained in the Employment Agreement: "In the event that either party hereto seeks to collect any damages resulting from, or the injunction of any action constituting, a breach of any of the terms or provisions of this Agreement, then the party found to be at fault shall pay all reasonable costs and attorneys' fees of the other." Employment Agreement ¶ 20.

### III. ANALYSIS

Defendants now move for their attorney's fees as the parties prevailing on Teague's claim for breach of contract under California Civil Code § 1717(b)(1). Teague argues that they filed this motion both too soon and too late. Too soon because it is not yet clear which side is the prevailing party, and too late because they filed it more than 40 days after the date of Court's summary judgment order. The first argument is correct.

**A.  Timeliness**

Teague argues that the present motion is untimely under Federal Rule of Civil Procedure 54(d)(2)(b) because it was filed more than 14 days after the Court issued its summary judgment order. Rule 54(d)(2)(B)(i) does state that "[u]nless a statute or a court order provides otherwise," an attorney's fee motion must "be filed no later than 14 days after the entry of judgment…" However, Rule 54(a) defines a "judgment" as "a decree and any order from which an appeal lies." Because the Court did not direct entry of final judgment as to one or more, but fewer than all, claims under Rule 54(b), the summary judgment order was not appealable and was therefore not a "judgment."

**B.  California Civil Code § 1717**

Section 1717 provides a basis for a party to recover attorney's fees incurred in litigation of a contract claim. It provides, in relevant part:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.... Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.

> (b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

§ 1717(a), (b)(1).

Defendants invoke section 1717, contending that the order granting partial summary judgment renders Defendants the "prevailing party" in this action within the meaning of section 1717(b)(1). Section 1717(b)(1) defines "prevailing party" as the party "who recovered a greater relief in the action *on the contract.*" Cal. Civ. Code § 1717(b)(1) (emphasis added). "When a party obtains a simple, unqualified victory by completely prevailing on or defeating all contract claims in the action and the contract contains a provision for attorney fees, section 1717 entitles the successful party to recover reasonable attorney fees incurred in prosecution or defense of those claims." *Scott Co. v. Blount, Inc.,* 20 Cal. 4th 1103, 1109 (1999). On the other hand, when neither party obtains complete victory on all the contract claims raised in an action:

> it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees. [I]n deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources.

*Id.* (citations and quotation marks omitted). The language of section 1717 emphasizes that the determination of who is the "prevailing party" for purposes of contractual attorney fees is to be made without reference to the success or failure of non-contract claims. *Hsu v. Abbara,* 9 Cal. 4th 863, 873-74 (1995).

Defendants' motion is premature. "The prevailing party determination [under section 1717] is to be made *only* upon final resolution of the contract claims and *only* by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions," even if that law does not require entry of final of judgment. *Id.* at 876 (emphasis added, citations and quotation marks omitted). The order granting Defendants' partial summary judgment did not

3

resolve all of the contract claims at issue in this action. Although Defendants have prevailed on the breach of contract claim, they have yet to prevail on the breach of implied covenant of good faith and fair dealing, declaratory relief, and intentional interference with contractual relations claims. The breach of implied covenant and declaratory relief claims are contract claims within the meaning of section 1717.

"A party's breach of the implied covenant of good faith and fair dealing gives rise to a contract claim." *Jenkins v. JP Morgan Chase Bank*, N.A., 216 Cal. App. 4th 497, 525 (2013), *disapproved of on other grounds by Yanova v. New Century Mortg. Corp.,* 62 Cal. 4th 919 (2016). "The covenant does not exist independently of the underlying contract." *Molecular Analytical Systems v. Ciphergen Biosystems, Inc.*, 186 Cal. App. 4th 696, 712 (2010). Afterall, "without a contractual underpinning, there is no independent claim for breach of the implied covenant of good faith." *Fireman's Fund Ins. Co. v. Maryland Casualty Co.*, 21 Cal. App. 4th 1586, 1599 (1994).[1]

Additionally, a declaratory relief cause of action seeking a declaration of rights based on an agreement is "on the contract" within the meaning of section 1717. *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 348 (2008). "In determining whether an action is 'on the contract' under section 1717, the proper focus is not on the nature of the remedy, but on the basis of the cause of action." *Id.* at 347. California courts liberally interpret the term "on the contract" as used in section 1717. *See Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal. App. 4th 858, 894 (2008). In his complaint, Teague specifically alleges that his tenth cause of action for

---

[1] At oral argument, Defendants cited *Singh v. Hancock Natural Res. Grp., Inc.,* 2017 WL 2275029 (E.D. Cal. May 25, 2017), in support of the contention that a breach of the implied covenant claim is not a claim on the contract. In that case, the court noted that where contract and non-contract claims are inextricably intertwined, the court need not apportion attorney's fees between them. The court noted that the Plaintiff had brought eight contract-related claims, including intentional and negligent misrepresentation, breach of the implied covenant, violation of California Business and Professions Code § 17200, specific performance, promissory estoppel and a common count for goods and services. The court held that all the claims were inextricably intertwined. *Id*. at *5. Defendants take that as an implied holding that the implied covenant claim was one of the non-contract claims. This Court disagrees. After pointing out that all eight claims were inextricably intertwined, the court went on to single out the implied covenant and specific performance claims as necessarily being based on the existence of a contract, which is consistent with this Court's holding that an implied covenant claim is "on the contract."

4

declaratory relief is on the contract because it concerns "elements of compensation and Plaintiff's entitlement of commissions under the Employment Agreement…." Compl. ¶ 84. The employment agreement is the contract on which Teague seeks declaratory relief.

The breach of implied covenant of good faith and fair dealing and declaratory relief claims having not yet been resolved means that not all contract claims have been resolved. Depending on the outcome of trial, Teague could potentially establish that he is the prevailing party "on the contract" based on his remaining claims. Accordingly, Defendants' motion is premature.

## IV. CONCLUSION

Defendants' motion for attorneys' fees pursuant to section 1717 is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: January 24, 2019

THOMAS S. HIXSON
United States Magistrate Judge

5